MORRIS COHN, an Infant, by ISAAC COHN, his Guardian ad Litem, Respondent, v. CLARENCE M. PALMER, Appellant.

*Negligence — injury to one propelling a push cart which he had withdrawn to the street curb from a truck driving against it — charge as to the rear wheel sliding towards the push cart after the front wheel had passed it.*

A person propelling a push cart along a public street in the city of New York who, for the purpose of resting, takes the push cart out of the current of traffic and places it near the curbstone and stands between the handles thereof and is there run down by a truck, the driver of which could see his position and had plenty of opportunity to pass him in safety, cannot be said, as matter of law, to be guilty of negligence which contributed to the accident.

In an action brought by such person against the owner of the truck to recover damages for the injuries sustained by him, the court may properly refuse to charge " that if the horse and whiffletree and the front wheels of defendant's truck passed safely by the plaintiff and the collision between defendant's truck and the plaintiff was caused by the rear wheels of the truck sliding toward the plaintiff by reason of an unevenness in the pavement, such collision was not due to negligence on the part of the defendant or his servant, and if the collision occurred under such circumstances the plaintiff cannot recover," as, if the pavement was in such a condition that the rear wheels of the truck were likely to slide and cause injury, it was the duty of the defendant to use just as much care with reference to the rear wheels as in regard to the forward wheels.

APPEAL by the defendant, Clarence M. Palmer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of March, 1902, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 31st day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Joseph A. Burr,* for the appellant.

*James D. Bell* and *Jules Levy* [*A. H. Dailey* with them on the brief], for the respondent.

WOODWARD, J. :

The plaintiff, a boy seventeen years of age, has recovered a judgment, entered upon the verdict of a jury, for $9,084.73, for damages sustained by reason of the negligence of the defendant's servant in driving a heavily-loaded truck against a push cart belonging

to the plaintiff, by reason of which he was thrown under one of the wheels of the truck and his foot crushed, so that amputation was necessary. The defendant appeals from the judgment and from the order entered denying a motion for a new trial.

The evidence is conflicting. The plaintiff's theory is that he was lawfully in Kent avenue, going from Wallabout market to the ferry at the foot of Broadway, and that when he had reached a point directly in front of the American Ice Company's plant he placed his push cart near the curbstone and was standing between the handles of his cart to rest. While in this position the truck of the defendant, heavily laden with sugar, came along, running in a southerly direction, and the forward wheel of the truck collided with the push cart, throwing the boy under the wheel and doing the injury complained of in this action. The defendant's theory is that the truck was running in one of the street car tracks, one of the wheels projecting over the rails, and that if the truck was in this position it could not have touched the push cart if it had been near the curb line, and that the boy must have been closer than his evidence indicates, or that he must have moved toward the truck after the horses had passed, in order to receive the injuries. Between these two theories there was not only a sharp conflict in the evidence, but there was much of confusion among the witnesses as to what actually happened. Of course, if the boy had his cart close to the curbstone and was in plain view of the defendant's driver, as it is conceded, he had a right to remain in that position and to presume that he would not be run down, particularly as there is no suggestion that there was any lack of room for the defendant to pass without coming in collision with his cart. On the other hand, if the boy had his cart in the street close to the car tracks and could see, as he said he could, the approach of defendant's truck, and made no effort to avoid the collision, he would be guilty of contributory negligence. The jury has reached the conclusion that the plaintiff's version of the accident is the true one, and while it must be conceded, as it is by counsel for the plaintiff, that the jury might very properly have found that the defendant's was, in fact, the true story of the accident, we are not prepared to say that there is not sufficient evidence to support the jury in its determination. The plaintiff, if his story is accepted, had withdrawn from the

activities of the street; he had placed his cart alongside of the curbstone and was standing there resting. This could not be said to. be negligence as a matter of law; he was out of the current and could not be compelled to take his cart outside of the curb line. If he was run down at this point by one who could see his position and who had plenty of opportunity to pass him in safety, the plaintiff could not be said to have been guilty of negligence contributing to the accident, as a matter of law, unless there was some special reason why he should have abandoned his property and sought his own safety, and there is nothing in the evidence to show that he was called upon to exercise any such degree of vigilance. The case, it seems to us, was one peculiarly for a jury.

The counsel for defendant asked the learned trial court to charge the jury " that, if by the exercise of reasonable care the plaintiff could have seen the approaching truck, and ought to have apprehended the danger of the situation, he was chargeable with negligence in not moving away from the approaching truck if he was able to do so." The court declined to charge in that language, and an exception was noted for the defendant. Defendant then asked the court to charge that, " if by the exercise of reasonable care the plaintiff could have seen the approaching truck, he was not at liberty to take even doubtful chances of being too near the track upon which it was passing in the face of the apparent danger of the situation, and relying upon his own supposition that the truck would turn out and alter its course. The Court: If it was apparent danger to him, do you mean? Mr. Burr: Yes. Charged."

Defendant urges that it was error to refuse to charge as first requested, but as the subsequent request, embracing substantially the same proposition, was charged and accepted as the law by defendant's counsel, we are of opinion that he is not in a good position to urge the point, assuming it to have merit. The refusal was to charge the law in the language of defendant's counsel, and when the substance of the request was put in different form, the charge was made and counsel acquiesced in the rule thus laid down, and this, we think, fairly stated the law to the jury, who were not likely to be misled in the premises. As finally stated to the jury, they were told that if the plaintiff, in the exercise of reasonable care, could have seen the approaching truck, he was not at liberty to

take even doubtful chances of being too near the track upon which it was passing in the face of the apparent danger of the situation, provided the danger was apparent to him and relying upon his own supposition that the truck would turn out and alter its course; that is, the plaintiff, in a position to know and appreciate an apparent danger, would not be free from contributory negligence if he remained passive and relied upon the defendant's driver changing his course. He was not, however, obliged to anticipate dangers which were not apparent; he was not obliged to assume that a wagon, with full opportunity to avoid a collision, would drive down upon him when he was entirely out of the path which the wagon was following, which was apparently the impression which the language of the proposed charge was intended to convey, and it was to obviate any matter of this kind that the court refused to adopt the language of the request. The charge as finally completed was as favorable as the defendant was entitled to, and it was apparently accepted as a substitute for the language of the previous request, for there was no exception to the charge as it was finally given to the jury.

Defendant also urges that there was error in the court's refusal to charge the following request: " I ask your honor to charge the jury that if the horse and whiffletree and the front wheels of defendant's truck passed safely by the plaintiff and the collision between defendant's truck and the plaintiff was caused by the rear wheels of the truck sliding toward the plaintiff by reason of an unevenness in the pavement, such collision was not due to negligence on the part of the defendant or his servant, and if the collision occurred under such circumstances the plaintiff cannot recover." Obviously the court was not in a position to declare as a matter of law that there was no negligence under the circumstances suggested; it was for the jury to say whether, under the evidence as to the condition of this highway, the defendant had discharged its duty by having the forward part of the wagon pass the plaintiff in safety. If the pavement was in a condition where the rear wheels of the truck were likely to slide and cause injury, then it was the duty of the defendant to use reasonable care to prevent such a result, just as much in reference to the rear wheels as to the forward wheels. It is all a question of reasonable care, and what con-

stitutes reasonable care is for the jury, under all of the circumstances, to determine. So when the learned court refused to charge as requested, "on the ground that the driver's business was to take notice of the condition of the street which was visible to him by sight and proper care, and govern himself accordingly," there was merely a statement of the proposition that it was for the driver, having in view the condition of the highway, to govern his conduct accordingly; that is, he was to use reasonable care, having in view the condition of the pavement. We think that the defendant was not entitled to the charge requested, and that the learned court did not err in this regard.

The judgment and order appealed from should be affirmed, with costs.

Present — GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.